IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Juliet Johnson-Richardson<br><br>Plaintiff,<br><br>vs.<br><br>The United States of America,<br><br>Defendant. | CASE NUMBER:　4:25-cv-04373-JD<br><br>COMPLAINT |

Plaintiff, complaining of the Defendant, alleges and says:

1. This action arises under and is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b)(1), as hereinafter will fully appear.

2. Plaintiff Juliet Johnson-Richardson is a resident and citizen of the State of South Carolina, County of Horry within the District of South Carolina and within the jurisdiction of this court.

3. This action is brought by Plaintiff against the Defendant, United State of America, acting through the United States Postal Service (USPS), a federal agency of Defendant, for loss of property and personal injury caused by a federal employee's negligent or wrongful act or omission while operating a postal delivery vehicle within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the law of South Carolina where the act or omission occurred.

4. Venue is proper in this Court in that all, or a substantial part, of the acts and/or omissions forming the basis of these claims –i.e., the accident resulting in Juliet Johnson-Richardson's injuries –occurred in the District of South Carolina, Florence Division.

5. That on or about October 28, 2022, around 4:59 PM, Kevin Jackson acting as an agent, servant and/or employee of Defendant, through the United States Postal Service (USPS), was the operator of a United States Postal Service vehicle, owned by the United States of America, traveling West at the intersection of Waccamaw Bend Road and US 701 in Horry County, South Carolina.

6. That on the aforesaid date, time and place, Plaintiff was the operator of a 2016 Toyota automobile traveling North on US 701 in Horry County, South Carolina and by and through the negligence, carelessness, recklessness, willfulness and wantonness of the Defendant, the Defendant's vehicle, suddenly and without warning, made a right-hand turn directly in front of the automobile Plaintiff was driving, as a result of which the vehicles collided, resulting in severe injuries to the Plaintiff as hereinafter set forth.

7. That the aforesaid negligence, carelessness, recklessness, willfulness, and wantonness of the Defendant, their agents, servants, and employees, caused the aforementioned occurrence and consisted, among other things, of the following:

   a. In proceeding into Plaintiff's Lane, in violation of the law, when Defendant knew or should have known that to do so would cause injuries to others lawfully using said roadway;

   b. In suddenly and without warning making a right-hand turn in front of the vehicle in which Plaintiff was driving without yielding the right-of-way;

   c. In failing to keep a proper lookout;

   d. In failing to keep his vehicle under proper and reasonable control;
   e. In failing to take any precaution to avoid allowing his vehicle to strike and collide with the Plaintiff's automobile;

   f. In failing to exercise the degree of care which a reasonably prudent person would have exercised under the same or similar circumstances.

8. That by reason of and in consequence of the aforesaid negligence, carelessness, recklessness, willfulness and wantonness of the Defendant, their agents, servants and employees, and as a direct and proximate result thereof, the collision referred to above occurred, resulting in injuries to Plaintiff in and about her entire body, including injuries to her right arm, right hip, neck and back and other partes of her body, requiring treatment at requiring treatment at hospitals, medical care and other medical treatment, by reason of which Plaintiff has been caused to expend monies for doctors and other medical expenses, and will be caused to expend monies for such care in the future; she has suffered, continues to suffer and will in the future suffer pain and mental anguish; she has been and will in the future be prevented from engaging in normal activities and she lost wages and gains she otherwise would have made and her earning capacity has been diminished; and she has been deprived of the enjoyment of persons in like circumstances and has been otherwise damaged, all to her damage.

9. Plaintiff duly filed an Amended Administrative Claim, in writing, on account of the actions alleged herein but the Defendant, through its administrative agency, did not respond within six (6) months.

WHEREFORE, Plaintiff prays for judgment against the Defendant for such sums as will fully, fairly, and justly compensate Plaintiff and for such other and further relief as may be appropriate.

By: s/Gedney M. Howe, IV
Gedney M. Howe, IV (Federal Bar No. 13339)
Michael A. Monastra (Federal Bar No. 13587)
GEDNEY M. HOWE, III, PA
PO Box 1034
Charleston, SC 29402
Phone: 843-722-8048
Fax: 843-722-2140
Email: Gedney4@gedneyhowe.com
Email: Mmonastra@gedneyhowe.com

Attorneys for Plaintiff

May 22, 2025
Charleston, South Carolina

4